# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |
|---|---|
| STAR PIPE PRODUCTS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ASC ENGINEERED SOLUTIONS, LLC, <br><br> Defendant-Intervenor. | Court No. 17-00236 |

### DEFENDANT-INTERVENOR'S COMMENTS ON
### THE FINAL RESULTS OF REMAND REDETERMINATION

Defendant-Intervenor ASC Engineered Solutions, LLC (formerly Anvil International, LLC) ("ASC") provides these comments in opposition to the Department of Commerce's December 22, 2021 Final Results of Remand Redetermination (the "*Third Redetermination*") (ECF No. 96). In the *Third Redetermination*, Commerce held, under respectful protest, that Plaintiff's flanges are outside the scope of the relevant antidumping order. For the reasons explained below, the *Third Redetermination* is unsupported by substantial record evidence and is otherwise not in accordance with law.

The *Third Redetermination* correctly finds that "Star Pipe's flanges are pipe fittings that have the same physical characteristics as those described in the first paragraph of the scope." *Third Redetermination* at 4. According to Commerce, however, *Star Pipe Prods. v. United States*, Slip Op. 21-110 (Aug. 26, 2021) ("*Star Pipe III*") directs it to find that flanges intended for use in water supply and waste water applications (as opposed to those designed for use in fire

39902798

protection or steam heat conveyance systems) are nonsubject – whether or not they are made to American Water Works Association ("AWWA") specifications C110 or C153. *Id*. at 4-9 and 12-13, citing *Star Pipe III*. Commerce explained that "we disagree with the Court's finding that the Petition and ITC Report indicate that pipe fittings produced for waterworks applications are excluded, but under respectful protest, are implementing the Court's opinion." *Id.* at 5. This Court, however, did not compel Commerce to find that such flanges are out-of-scope. *See Star Pipe III* at 36 ("The court does not reach its own conclusion as to whether some or all of Star Pipe's flanges must be determined to be within or outside the scope of the Order, as that is a matter for Commerce to determine upon remand"). Instead, the Court merely directed Commerce to "conduct a more comprehensive review" that addresses the concerns raised in *Star Pipe III*. *Id*. Commerce did not, however, conduct a comprehensive reevaluation of the matter addressing the specific areas of concern highlighted by *Star Pipe III*; rather, the redetermination simply assumes, incorrectly, that a particular result had been directed by the Court. Consequently, the *Third Redetermination* is unsupported by substantial evidence and is not in accordance with law.

Moreover, the *Third Redetermination* violates the established framework set forth by the Federal Circuit for evaluating scope issues. As the Appeals Court has explained,

> The first step in a scope ruling proceeding is to determine whether the governing language is in fact ambiguous. If it is not ambiguous, the plain meaning of the language governs. But if the language is ambiguous, Commerce must next consider the regulatory history, as contained in the so-called "(k)(1) materials." If the (k)(1) materials are not dispositive, Commerce then considers the (k)(2) criteria.

*OMG, Inc. v. United States*, 972 F.3d 1358, 1363 (Fed. Cir. 2020) (internal citations omitted). In this case, Commerce agreed that Star Pipe's flanges clearly fall within the plain language of the scope. *Third Redetermination* 4, 12. There being no ambiguity, that should have been the end of

39902798

the matter; there was no justification to consider the "(k)(1)" materials.[1]  Statements related to purported end-uses in the Petition and ITC report, which fall within 19 C.F.R. § 351.225(k)(1), simply should not have been interpreted and then used to displace the plain meaning of the scope language.

Furthermore, there is nothing in the Petition warranting creation of an end-use limitation. *Star Pipe III* pointed to language in the Petition stating that "virtually all subject fittings are used in fire protection systems and steam heat conveyance systems." *Star Pipe III* at 22.  The Petition also recognized, however, that there are "other uses" in which subject fittings may be employed. *See Final Results of Second Redetermination* (Nov. 16, 2020) at 16, 31 (ECF No. 77). Moreover, as explained in the *Third Redetermination*, the "end-use" language referenced by the Court was actually removed in an amendment to the Petition.  *Third Redetermination* at 13-14. The operative scope language in the order itself contains no reference to end-use, let alone an end-use limitation.  *Id.* at 2-3.  Commerce appropriately recognized that the scope is defined by physical characteristics, not end use, but it erroneously felt compelled by *Star Pipe III* to implement an end-use exclusion.  *Id*. at 14.  The *Third Redetermination* cites no evidence in the Petition or in the ITC report that supports an end-use limitation.  That determination, therefore, is unsupported by substantial evidence and is not in accordance with law.

Similarly, although there is a scope exclusion for certain ductile iron fittings made to specification AWWA C110, Commerce's finding, made under protest, that Star Pipe's flanges fall within that exclusion is unsupported by substantial evidence and is otherwise not in

---

[1]   The applicable regulation at 19 C.F.R. § 351.225 was amended, effective for scope applications filed on or after November 4, 2021.  *See Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws; Final Rule*, 86 Fed. Reg. 52300, 52327 (Sep. 20, 2021).  Because this scope inquiry was filed in 2017, the new amendments do not apply.

accordance with law.  *See Third Redetermination* at 7-9, 17-18.  Star Pipe's flanges were made to AWWA specification C115, not C110.  *Id*.  The scope language providing for the exclusion of certain fittings made to AWWA C110 is specific and must be read narrowly.  *See Final Results of Second Redetermination* (Nov. 16, 2020) at 20-24 and 48-54 (ECF No. 77).  As Commerce explained in that prior redetermination, "the petitioners were aware of the existence of the AWWA C115 specification at the time of the investigation of pipe fittings from China, and decided to specifically exclude only AWWA C110 and AWWA C153 from the scope."  *Id.* at 24.  The finding, under protest, that Star Pipe's products fall within that scope exclusion is unsupported by substantial evidence and is not in accordance with law.

## CONCLUSION

For the reasons set forth above, the *Third Redetermination* is unsupported by substantial record evidence and is otherwise not in accordance with law.  Respectfully, the Court should remand again for Commerce to reconsider its decision.

                                          Respectfully submitted,

                                          */s/ Daniel L. Schneiderman*
                                          J. Michael Taylor
                                          Daniel L. Schneiderman

                                          KING & SPALDING LLP
                                          1700 Pennsylvania Avenue, NW
                                          Washington, DC  20006
                                          (202) 737-0500

                                          Counsel for Defendant-Intervenor
                                          ASC Engineered Solutions, LLC

January 21, 2022

39902798

## UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| STAR PIPE PRODUCTS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ASC ENGINEERED SOLUTIONS, LLC, <br><br> Defendant-Intervenor. | Court No. 17-00236 |

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that these comments in support of the final remand redetermination comply with the word-count limitation described in the Court's Standard Chambers Procedures. The comments contain **997** words according to the word count function of the word processing software used to prepare the memorandum.

Respectfully submitted,

*/s/ Daniel L. Schneiderman*
Daniel L. Schneiderman
**KING & SPALDING, LLP**
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006-4706
(202) 626-2950

Counsel for Defendant-Intervenor
ASC Engineered Solutions, LLC

January 21, 2022