UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| STAR PIPE PRODUCTS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ASC ENGINEERED SOLUTIONS, LLC, <br><br> Defendant-Intervenor. | Court No. 17-00236 |

## JUDGMENT ORDER

Upon consideration of the plaintiff's and defendant-intervenor's comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination is sustained; and it is further

ORDERED that final judgment is entered in favor of the United States.

_____
SENIOR JUDGE

Dated: _____, 2022
       New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| STAR PIPE PRODUCTS, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) Court No. 17-00236 |
| Defendant, | ) |
| and | ) |
| ASC ENGINEERED SOLUTIONS, LLC, | ) |
| Defendant-Intervenor. | ) |

**<u>DEFENDANT'S RESPONSE TO COMMENTS ON REMAND RESULTS</u>**

Defendant, the United States, respectfully submits this response to the comments filed by plaintiff Star Pipe Products (Star Pipe) and defendant-intervenor ASC Engineered Solutions, LLC (ASC) regarding the Department of Commerce's (Commerce's) remand redetermination pursuant to the Court's opinion and order in *Star Pipe Products v. United States*, 537 F. Supp. 3d 1362 (Ct. Int'l Trade 2021) (*Star Pipe III*). *See Final Results of Redetermination pursuant to Court Order*, dated December 22, 2021 (Third Remand Results) (ECF No. 96). Because Commerce has fully complied with the Court's remand order, and the third remand results are supported by substantial evidence and otherwise lawful, we respectfully request that the Court sustain the third remand results and enter judgment accordingly.

**BACKGROUND**

I.    <u>Commerce's Original Scope Determination And The Court's Previous Remands</u>

This case concerns a scope determination in which Commerce found that Star Pipe's flanges were "pipe fittings" that meet the physical description of non-malleable cast iron pipe fittings covered by the scope of Commerce's antidumping order on pipe fittings from China. *Final Scope Ruling on the Antidumping Duty Order on Non-Malleable Cast Iron Pipe Fittings from the People's Republic of China: Request by Star Pipe Products* (Aug. 17, 2017) (P.R. 13) (*Scope Ruling*). Star Pipe challenged this determination, and this Court twice remanded the decision to Commerce to address the Court's concerns about the scope determination.

In its first remand, the Court held that Commerce had failed to comply with 19 C.F.R. § 351.225(k)(1) because it "reached a decision to place Star Pipe's flanges in the scope of the order without considering the antidumping duty petition." *Star Pipe Prods. v. United States,* 365 F. Supp. 3d 1277, 1282, 1286 (Ct. Int'l Trade 2019) (*Star Pipe I*). The Court thus ordered Commerce, on remand, to place the petition on the record. *Id.* Additionally, the Court held that Commerce had failed to address record evidence in the report from the U.S. International Trade Commission (ITC), which the Court found detracted from Commerce's conclusion that Star Pipe's merchandise fell within the scope of the order. *Id.* at 1283-87.

In its first remand results, Commerce concluded that Star Pipe's flanges are pipe fittings that have the same physical characteristics described in the order's scope. *See* Final Results of Redetermination Pursuant to Court Order at 16-19 (June 27, 2019) (ECF Nos. 55-1, 56-1) (First Remand Results). Commerce also examined the petition and the ITC report, including the evidence that the Court in *Star Pipe I* had identified as undermining Commerce's determination,

but concluded that this information did not support a conclusion that the flanges are excluded from the order's scope language.

The Court disagreed with Commerce's decision and remanded the scope determination for reconsideration. *Star Pipe Products v. United States,* 463 F. Supp. 3d 1366 (Ct. Int'l Trade 2020) (*Star Pipe II*). Although the Court agreed that the petition contained evidence indicating that the petitioners in the investigation considered flanges to be pipe fittings, *id.* at 1372-73, it held that Commerce nonetheless must "recognize that the ITC Report does not contain evidence supporting a conclusion that Star Pipe's flanges are within the scope of the Order and contains some evidence that detracts from such a conclusion." *Id.* at 1379. The Court likewise held that the same flawed analysis of the ITC report had affected Commerce's analysis of its prior scope rulings (specifically, one that the Court found to be most on point because it covers a similar product). *Id.* at 1376-77. The Court also provided Commerce with the opportunity to address on remand an issue that Star Pipe raised in a notice of supplemental authority stemming from Commerce's scope ruling regarding orders on forged steel fittings. *Id.* at 1379.

In its second remand results, Commerce continued to find that Star Pipe's flanges are pipe fittings that meet the physical characteristics required by the scope and do not meet any of the scope's exclusion language. *See* Final Results of Redetermination Pursuant to Court Order at 4-9 (Nov. 16, 2020) (ECF No. 77-1) (Second Remand Results). Commerce, under respectful protest, accepted the Court's finding that the ITC report did not support the finding that flanges were pipe fittings within the scope of the order. *Id.* at 9. However, while not relying on the ITC report to find that Star Pipe's flanges were pipe fittings within the scope of the order, Commerce addressed Star Pipe's comments on the ITC language detracting from a finding that flanges are within the scope as well as additional language from the ITC report. *Id.* at 9-18. Further, in

3

accordance with the Court's holdings, and under respectful protest, Commerce no longer relied on the prior scope determinations that it had previously cited in support of its determination that Star Pipe's flanges fall within the scope of the order. *Id.* at 19. Finally, Commerce addressed the issue raised in Star Pipe's notice of supplemental authority and explained why its finding that Star Pipe's flanges fall within the order's scope was not inconsistent with the forged steel fitting ruling (called the *Propulse* ruling). *Id.* at 20-24.

## II. The Court's Third Remand Order

Remanding for a third time, the Court held that Commerce reasonably accorded weight to record evidence consisting of product brochures from the petition indicating that the petitioners considered flanges to be pipe fittings, as a type of product that is similar to and is produced by the same industry as other subject pipe fittings, and that interpreting the term pipe fitting "used in the scope language as generally encompassing flanges is not *per se* unreasonable." *Star Pipe III*, 537 F. Supp. 3d at 1371-72. Nonetheless, the Court held that this evidence was "not dispositive" of the issue in litigation and that Commerce, in the Court's view, had failed to address certain evidence detracting from its ultimate conclusion, stemming from the ITC report and from issues relating to the exclusions for flanged fittings products to American Water Works Association (AWWA) standards contained in the scope language. *Id.* at 1374, 1380.[1] The Court additionally stated that it did not reach its own conclusion as to whether Star Pipe's flanges are covered by the order, as that was a matter for Commerce to determine on remand. *See id.* at 1380.

## III. Commerce's Third Remand Results

In its third remand results, Commerce continued to find that Star Pipe's flanges are pipe fittings with the same physical characteristics as those described in the scope, while respectfully

---

[1] The Court also noted petition language that it found suggested that goods produced to standards for the waterworks industry were intended to be outside the investigation's scope. *Id.* at 1374.

4

disagreeing with the Court's holdings regarding the ITC report, the scope's AWWA exclusions for flanged fittings, and the petition language that the Court found suggested that goods produced to waterworks industry standards were outside the investigation's scope. *See* Third Remand Results at 2-10. Despite its disagreement, Commerce indicated that it was bound by the Court's holdings and, under respectful protest, determined that the Star Pipe flanges at issue are excluded from the order. *Id.* ASC and Star Pipe challenge certain aspects of that determination.

## STANDARD OF REVIEW

The Court sustains any determination, finding, or conclusion found by Commerce unless it is unsupported by substantial evidence upon the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). This standard applies equally to remand redeterminations. *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015). Remand determinations are also reviewed for compliance with the Court's order. *Id.*; *Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014).

## ARGUMENT

Commerce's third remand results fully comply with the Court's *Star Pipe III* ruling. Based on the Court's analysis of the record evidence, Commerce found, under respectful protest, that the scope of the antidumping duty order on pipe fittings from China entails a general end-use exclusion for pipe fittings used in waterworks applications. *See* Third Remand Results at 5-7, 9. Likewise, after further analyzing the record evidence in light of the Court's holdings, Commerce found, under respectful protest, that Star Pipe's flanges produced to AWWA C115 standards are covered by the scope exception for fittings produced to AWWA C110 standards. *See id.* at 7-9.

ASC argues that the Court did not direct Commerce to make the finding that there is a general unstated waterworks exemption to the scope of the order. *See* ASC Cmts. Br. at 1-3.

5

The sum of the Court's holdings and evaluation of the record evidence in its three remand orders, however, left Commerce with no basis to find otherwise. The Court rejected all of Commerce's and ASC's arguments that there was no general waterworks use exception to the order's scope. ASC repeats, generally, arguments that have already been made to and rejected by the Court. *See id*. at 2-4; *see also generally Star Pipe I*, *Star Pipe II*, *Star Pipe III*. After taking the Court's analysis of the law and record evidence into account, Commerce concluded that there was no basis to find other than, under respectful protest, that there is a general exclusion for fittings used in waterworks applications and that Star Pipe's flanges made to AWWA C115 are excluded. *See* Third Remand Results at 10 (finding (k)(1) materials, along with Court's holdings, "dispositive as to whether Star Pipe's 11 ductile iron flanges . . . are pipe fittings subject to the Order").

ASC also argues that Commerce should reassert its interpretation of the primacy of the scope language. *See* ASC Cmts. Br. at 2-3. Commerce initially agreed with ASC that Star Pipe's flanges fit within the plain language of the scope and 19 C.F.R. 351.2225k(1) materials, explaining this point was thoroughly argued in the original scope ruling and first and second remand results, along with various other justifications supporting a finding that the products were in scope. *See* Third Remand Results at 12-13; *see also* First Remand Results at 4-5, 18-19, 27; Second Remand Results at 18, 22-23, 26-27, 31, 40-41, 43, 49-51. However, the Court found that the scope language was insufficient to determine coverage, given record information such as the ITC report that it found to be pertinent. *See Star Pipe III*, 537 F. Supp. 3d at 1372.

Turning to Star Pipe's arguments, even though Commerce found, under respectful protest that Star Pipe's flanges were excluded from the scope of the order, Star Pipe challenges several aspects of the third remand results. First, Star Pipe contends that Commerce's continued finding that Star Pipe's flanges are pipe fittings with the same physical characteristics as those fittings

6

described in the scope is unsupported by substantial evidence. *See* Star Pipe Cmts. Br. at 1-3. Star Pipe's argument is misplaced because it incorrectly conflates two separate issues, namely (1) whether a flange may be considered a "pipe fitting" and (2) whether a "pipe fitting" meets the additional scope criteria to be a fitting covered by the order. As we established above, the Court in *Star Pipe III* explicitly held that Commerce reasonably accorded weight to record evidence indicating that the petitioners considered flanges to be pipe fittings, and that interpreting the term "pipe fitting" as "used in the scope language as generally encompassing flanges is not *per se* unreasonable." 537 F. Supp. 3d at 1371-72.

  Star Pipe cites two quotes from *Star Pipe III* out of context as supporting the notion that Commerce's finding in this regard is inconsistent with the Court's holding in *Star Pipe III*. *See* ASC Cmts. Br. at 2-3. However, the issue of whether a flange generally may be considered a "pipe fitting" within the meaning of that scope term is separate from the question of whether flanges meet other criteria in the scope to be covered by the order. Both of Star Pipe's block quotes must be read in this context. As we explain above, the Court held that Commerce's approach to the first issue was reasonable. Nonetheless, the Court held that, even if flanges may be considered "pipe fittings" generally, record evidence indicated that they are not within the scope of the order for other reasons. Commerce's finding that Star Pipe's flanges are pipe fittings with the same physical characteristics as those fittings described in the scope is supported by substantial evidence and consistent with the Court's holdings.

  Second, in arguing that the scope excludes products produced to standards for the water-works industry, Star Pipe contends that the fact that "use" language was in the original petition scope but was subsequently removed before initiation of the investigation does not undermine, and indeed supports, such a finding. *See* Star Pipe Cmts. Br. at 3-5. Commerce addressed this

7

argument in Comment 2 of the third remand results. Third Remand Results at 13-14. Commerce found that there was no "use" language in the order's scope, which, given the removal of any "use" language before initiation, is accurate and supported by the record. *Id.* at 14. Commerce also found, however, that the Court had held that the petition and ITC report indicate that pipe fittings produced for waterworks are excluded from the scope and, under respectful protest, Commerce implemented the Court's holding. *Id.* The Court did not hold that the explicit scope language itself generally excluded pipe fittings used for waterworks applications.

Third, Star Pipe repeats an argument already addressed by the Court to which Commerce, under respectful protest, has acquiesced: the issue of whether the ITC report supports a use for waterworks exclusion from the scope of the order. *See* Star Pipe Cmts. Br. at 5-6. Because the Court already addressed this argument and Commerce has acquiesced, under respectful protest, there is nothing new to this argument that needs to be addressed by Commerce or the Court.

Fourth, in the course of addressing the AWWA standards issue, Star Pipe asserts that there is "no record evidence" indicating "that Star Pipe's flanges were contemplated to be within the same class or kind of product subject to the investigation." Star Pipe Cmts. Br. at 7-8. Star Pipe is incorrect—its argument again conflates whether a flange is a pipe fitting generally with whether a pipe fitting at issue is covered by the order's scope. The Court has found that record evidence supports Commerce's finding that a flange is a "pipe fitting," as a type of product that is similar to and produced by the same industry as other subject pipe fittings, and, as such, is within the class or kind of "pipe fittings." *See Star Pipe III*, 537 F. Supp. 3d at 1371-72 (holding that Commerce reasonably accorded weight to evidence indicating that petitioners considered flanges pipe fittings). At the same time, however, the Court has also held that evidence in the petition and ITC report support a conclusion that pipe fittings used in waterworks applications

8

are excluded from the order's scope. *See id.* at 1372-79. Therefore, Commerce reasonably found that Star Pipe's flanges are pipe fittings that are within the same general class or kind of merchandise as other covered pipe fittings, with the difference that the Court has held that record evidence indicates that the ITC considered ductile iron flanges for use in waterworks, such as Star Pipe's flanges, excluded from the scope. Moreover, as Star Pipe acknowledges, Commerce in the third remand results found that no party had presented any "class or kind" arguments or evidence during the underlying scope proceedings. *See* Third Remand Results at 18; Star Pipe Cmts. Br. at 7-8. The issue of whether Star Pipe's flange pipe fittings are the same class or kind as other pipe fittings was never properly at issue in the underlying administrative proceedings. Having failed to exhaust its remedies, Star Pipe cannot raise the issue now. *See* 28 U.S.C. § 2637(d) (requiring exhaustion of administrative remedies).

Finally, Star Pipe states that it agrees with Commerce's exclusion of its flanges from the scope of the order at issue. *See* Star Pipe Cmts. Br. at 8. However, Star Pipe asserts that if the litigation should result in a different outcome, it preserves its argument that Commerce should have conducted a 19 C.F.R. 351.225(k)(2) analysis. *See id.*, at 8-9. This statement, which is unsupported by any record evidence or argument, is not an argument that requires a response.

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's third remand results and enter final judgment in favor of the United States.

    Respectfully submitted,

    BRYAN M. BOYNTON
    Acting Assistant Attorney General

    PATRICIA M. MCCARTHY
    Director

|  |  |
|---|---|
|  | /s/ L. Misha Preheim |
|  | L. MISHA PREHEIM |
|  | Assistant Director |
| OF COUNSEL: | /s/ Joshua E. Kurland |
| DAVID W. RICHARDSON | JOSHUA E. KURLAND |
| Senior Counsel | Trial Attorney |
| Department of Commerce | U.S. Department of Justice |
| Office of the Chief Counsel | Civil Division |
| for Trade Enforcement & Compliance | Commercial Litigation Branch |
| Washington, DC | P.O. Box 480 |
|  | Ben Franklin Station |
|  | Washington, D.C.  20044 |
|  | Tel: (202) 616-0477 |
|  | Fax: (202) 307-0972 |
|  | Email: Joshua.E.Kurland@usdoj.gov |
| February 7, 2022 | *Attorneys for Defendant United States* |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief complies with the appropriate word-count limitation. According to the word-count function of the software used to prepare this brief, the brief contains 2,731 words.

/s/ Joshua E. Kurland