Slip Op. 22-127

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| STAR PIPE PRODUCTS, |
| Plaintiff, |
| v. |
| UNITED STATES, |
| Defendant, |
| and |
| ASC ENGINEERED SOLUTIONS, LLC, |
| Defendant-Intervenor. |

Before:  Timothy C. Stanceu, Judge

Court No. 17-00236

### OPINION AND ORDER

[Ordering a remand to the issuing agency of a determination that failed to comply with the court's order.]

Dated:  November 18, 2022

*Francis J. Sailer*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, DC, and New York, NY, for plaintiff.  With him on the submission were *Ned H. Marshak* and *Kavita Mohan*.

*Joshua E. Kurland*, Trial Counsel, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the submissions were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *L. Misha Preheim*, Assistant Director.  Of counsel on the submissions was *David W. Richardson*, Senior Counsel, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

*Daniel L. Schneiderman*, King & Spalding, LLP, of Washington, DC, for defendant-intervenor.  With him on the submission was *J. Michael Taylor*.

Stanceu, Judge:  Plaintiff Star Pipe Products ("Star Pipe") brought this action to contest a determination (the "Final Scope Ruling") issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") on its imported ductile iron flanges.  In this litigation, Commerce until recently has taken the position that ductile iron flanges are within the scope of the antidumping order on non-malleable cast iron pipe fittings from the People's Republic of China (the "Order").

Before the court is the Department's most recent decision ("Third Remand Redetermination"), which Commerce submitted in response to the court's opinion and order in *Star Pipe Products v. United States*, 45 CIT __, 537 F. Supp. 3d 1362 (2021) ("*Star Pipe III*").  In an effort to respond to the court's opinion and order while changing its position only under protest, Commerce stated in the Third Remand Redetermination that the flanges are not subject to the Order.

Plaintiff has commented in favor of the Department's deciding in the Third Remand Redetermination that the ductile iron flanges are outside the scope of the Order.  Nevertheless, plaintiff's comments disagree with the Department's decision to issue the Third Remand Redetermination under protest and with certain assertions Commerce made therein.  Defendant-intervenor, ASC Engineered Solutions, LLC ("ASC"), a U.S. producer of pipe fittings, has commented in opposition to the Third Remand Redetermination.

The court issues another remand order to Commerce.  The Department's latest

decision misconstrues the court's opinion in *Star Pipe III* in some respects and is not

itself a new scope ruling in a form that could be sustained upon judicial review.

Instead, Commerce informs the court that if the court were to sustain the Third Remand

Redetermination, Commerce would issue a new scope ruling accordingly.  Under this

proposal, Commerce would issue its final ruling outside of the court's direct review.

The court orders Commerce to submit for the court's consideration a revised remand

redetermination that could go into effect if sustained.

## I. BACKGROUND

Background on this case is presented in the court's prior opinions and is briefly

summarized and supplemented herein.  *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1365–67;

*Star Pipe Prods. v. United States*, 44 CIT __, __, 463 F. Supp. 3d 1366, 1368–70 (2020) ("*Star

Pipe II*"); *Star Pipe Prods. v. United States*, 43 CIT __, __, 365 F. Supp. 3d 1277, 1278–79

(2019) ("*Star Pipe I*").

Commerce issued the antidumping duty on non-malleable cast iron pipe fittings

from China in April 2003 (the "Order").  *Notice of Antidumping Duty Order: Non-

Malleable Cast Iron Pipe [Fittings]  From the People's Republic of China*, 68 Fed. Reg. 16,765

(Int'l Trade Admin. Apr. 7, 2003) ("*Order*").

Star Pipe filed with Commerce a request for a scope ruling (the "Scope Ruling

Request") on June 21, 2017, in which it sought a ruling excluding its ductile iron flanges

from the scope of the Order.  *Star Pipe Products Scope Request: Ductile Iron Flanges Non-*

*Malleable Cast Iron Pipe Fittings from the People's Republic of China (A-570-875)* (P.R. Docs.

1–3) ("*Scope Ruling Request*").[1]  Commerce issued the Final Scope Ruling on August 17,

2017, in which it ruled that the ductile iron flanges are within the scope of the Order.

*Final Scope Ruling on the Antidumping Duty Order on Non-Malleable Cast Iron Pipe Fittings*

*from the People's Republic of China: Request by Star Pipe Products* (P.R. Doc. 13) ("*Final*

*Scope Ruling*").

Star Pipe brought this action contesting the Final Scope Ruling on September 15,

2017.  Summons, ECF No. 1; Compl., ECF No. 4.  The court remanded the Final Scope

Ruling to Commerce in *Star Pipe I*, ordering Commerce to reconsider the Final Scope

Ruling, and remanded it again to Commerce in *Star Pipe II* and *Star Pipe III*.

Commerce filed the Third Remand Redetermination in response to *Star Pipe III*

on December 22, 2021.  Final Results of Redetermination Pursuant to Court Order, ECF

No. 96-1 ("*Third Remand Redetermination*").  ASC filed its comment in opposition to the

Third Remand Redetermination on January 21, 2022.  Def.-Intervenor's Comments on

---

[1] All citations to documents from the administrative record are to public
documents.  These documents are cited as "P.R. Doc. __."

the Final Results of Remand Redetermination, ECF No. 97.  That same day, Star Pipe

filed comments on the Third Remand Redetermination.  Star Pipe Products' Comments

on the Third Final Remand Redetermination (Jan. 21, 2022), ECF No. 98.  Defendant

filed a response on February 7, 2022.  Def.'s Resp. to Comments on Remand Results,

ECF No. 99.

## II. Discussion

### A. Jurisdiction and Standard of Review

The court exercises subject matter jurisdiction under section 201 of the Customs

Courts Act of 1980, 28 U.S.C. § 1581(c), which grants jurisdiction over civil actions

brought under section 516A of the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C. § 1516a.[2]

Among the decisions that may be contested according to Section 516A is a

determination of "whether a particular type of merchandise is within the class or kind

of merchandise described in an . . . antidumping or countervailing duty order." *Id*.

§ 1516a(a)(2)(B)(vi).  In reviewing an agency determination, including one issued in

response to court remand, the court must set aside any determination, finding, or

conclusion found "to be unsupported by substantial evidence on the record, or

otherwise not in accordance with law." *Id*. § 1516a(b)(1)(B)(i).  It is also the

---

[2] All citations to the United States Code herein are to the 2012 edition and all
citations to the Code of Federal Regulations herein are to the 2017 edition.

responsibility of the court to review the agency's decision for compliance with the

court's previous order.

### B.  Star Pipe's Flanges

According to the Scope Ruling Request, "[t]he products that are the subject of

this scope request are flanges imported by Star Pipe that are made from ductile iron,

and meet the America Water Works Association ('AWWA') Standard C115."  *Scope*

*Ruling Request* at 3.  "A flange is an iron casting used to modify a straight end pipe to

enable its connection either to a flanged pipe, a flanged pipe fitting or another flange

attached to the otherwise straight end of another pipe, in order to connect pipes, valves,

pumps and other equipment to form a piping system."  *Id.* (footnote omitted).  The

Scope Ruling Request states that the flanges "are for the water and wastewater

industries."  *Id.* at 10, 18 ("Star Pipe's ductile iron flanges are sold for use in water or

waste waterworks projects.  The majority of sales . . . are sold to fabricators to fabricate

the products into flanged pipes.").

### C.  Scope Language of the Order

The scope language of the Order is as follows:

> The products covered by this order are finished and unfinished
> non-malleable cast iron pipe fittings with an inside diameter ranging from
> ¼ inch to 6 inches, whether threaded or unthreaded, regardless of
> industry or proprietary specifications.  The subject fittings include elbows,
> ells, tees, crosses, and reducers as well as flanged fittings.  These pipe
> fittings are also known as "cast iron pipe fittings" or "gray iron pipe

fittings."  These cast iron pipe fittings are normally produced to ASTM A–
126 and ASME B.16.4 specifications and are threaded to ASME B1.20.1
specifications.  Most building codes require that these products are
Underwriters Laboratories (UL) certified.  The scope does not include cast
iron soil pipe fittings or grooved fittings or grooved couplings.

Fittings that are made out of ductile iron that have the same
physical characteristics as the gray or cast iron fittings subject to the scope
above or which have the same physical characteristics and are produced
to ASME B.16.3, ASME B.16.4, or ASTM A–395 specifications, threaded to
ASME B1.20.1 specifications and UL certified, regardless of metallurgical
differences between gray and ductile iron, are also included in the scope
of this petition.  These ductile fittings do not include grooved fittings or
grooved couplings.  Ductile cast iron fittings with mechanical joint ends
(MJ), or push on ends (PO), or flanged ends and produced to the
American Water Works Association (AWWA) specifications AWWA C110
or AWWA C153 are not included.

*Order*, 68 Fed. Reg. at 16,765.  Star Pipe's flanges are made from ductile cast iron.

Flanges are not expressly addressed in the scope language of the Order.  Pipe fittings

made from ductile cast iron are addressed only in the second paragraph of the scope

language.  *Star Pipe III*, 45 CIT at __, 537 F. Supp. 3d at 1367–68.

### D.  The Court's Decisions in *Star Pipe I*, *Star Pipe II*, and *Star Pipe III*

Commerce based its decision to include Star Pipe's flanges within the scope of

the Order on its conclusion that these flanges were "pipe fittings" within the meaning of

that term as used in the scope language.  Because the scope language does not define

that term, *Star Pipe I* considered it necessary to review the Department's conclusion that

Star Pipe's flanges were described by that term in light of the sources identified in

19 C.F.R. § 351.225(k)(1).  In *Star Pipe I*, 43 CIT at __, 365 F. Supp. 3d at 1283, 1286, this

Court ruled that the Final Scope Ruling rested on an analysis inconsistent with the

Department's regulations, which required Commerce to take into account the

descriptions of the merchandise contained in the petition (the "Petition"), *Petition for*

*Imposition of Antidumping Duties: Non-Malleable Cast Iron Pipe Fittings from the People's*

*Republic of China*, A-570-875 (Feb. 21, 2002), the initial investigation, and the

determinations of the Secretary (including prior scope determinations) and the U.S.

International Trade Commission ("ITC").  *See* 19 C.F.R. § 351.225(k)(1) (providing that

the Secretary of Commerce will take into account "[t]he descriptions of the merchandise

contained in the petition, the initial investigation, and the determinations of the

Secretary [of Commerce] (including prior scope determinations) and the [International

Trade] Commission.").  The court concluded that Commerce "did not consider the

petition, and its analysis of the ITC Report was so selective and cursory as to ignore a

substantial amount of information relevant to the scope question presented in this

case." *Star Pipe I*, 43 CIT at __, 365 F. Supp. 3d at 1286 (discussing 19 C.F.R.

§ 351.225(k)(1)).  The court reasoned that Commerce erred in relying upon certain

language in the ITC Report, *Non-Malleable Cast Iron Pipe Fittings From China*, Inv. No.

731-TA-990 (Final), USITC Pub. No. 3586 (Mar. 2003), and made no mention of other,

detracting evidence. *Id.*, 43 CIT at __, 365 F. Supp. 3d at 1283–86; The court also

identified evidence, not addressed by Commerce in the Final Scope Ruling, that Star

Pipe's flanges, in the form in which they were imported, were produced solely for the

purpose of enabling pipe fabricators to modify a straight end pipe enabling subsequent

connection to a flange on another pipe or apparatus or to a flanged fitting.  *Star Pipe I*,

43 CIT at __, 365 F. Supp. 3d at 1283.

       Commerce issued the first redetermination upon remand ("First Remand

Redetermination") in response to *Star Pipe I*, Final Results of Redetermination Pursuant

to Court Order (June 27, 2019), ECF Nos. 55-1 (public), 56-1 (conf.) ("*First Remand

Redetermination*"), in which Commerce again concluded that Star Pipe's flanges are

within the scope of the Order.

       In *Star Pipe II*, the court held that while the First Remand Redetermination

considered all sources required under its regulation, 19 C.F.R. § 351.225(k)(1),

"Commerce committed errors in analyzing the evidence in one of those sources, the ITC

Report."  *Star Pipe II*, 44 CIT at __, 463 F. Supp. 3d at 1379.  The court also concluded

that Commerce, while permissibly finding support for its conclusion in a past ruling

(the "UV Ruling"), erred in relying on two other past rulings.  *Id.*, 44 CIT at __, 463 F.

Supp. 3d at 1376–77.[3]  The court ordered Commerce to reach a new decision and

---

[3] *See Final Scope Ruling on the Antidumping Duty Order on Non-Malleable Cast Iron Pipe Fittings from the People's Republic of China: Request by U.V. International LLC* (P.R. Doc. 13, Attach. 1) (May 12, 2017); *Final Scope Ruling on the Antidumping Duty Order on*

instructed that "the new decision must recognize that the ITC Report does not contain

evidence supporting a conclusion that Star Pipe's flanges are within the scope of the

Order and contains some evidence that detracts from such a conclusion." *Id.*, 44 CIT at

__, 463 F. Supp. 3d at 1379.  The opinion added that "[a]t this point in the litigation, the

court declines to decide the question of whether or not the record evidence Commerce

found in the Petition and the UV Ruling is sufficient to support such a conclusion in

light of all record evidence, including the record evidence detracting from such a

conclusion," and, "[u]pon correcting the errors the court identifies, Commerce must

make that determination in the first instance." *Id*.

        In the second redetermination upon remand ("Second Remand

Redetermination"), Commerce, for a third time, determined that Star Pipe's flanges

were subject merchandise under the scope of the Order.  Final Results of

Redetermination Pursuant to Court Order (Nov. 16, 2020), ECF No. 77-1 ("*Second

Remand Redetermination*").  Commerce based its decision in the Second Remand

Redetermination principally on four conclusions.  *Star Pipe III* found that these

---

*Finished and Unfinished Non-Malleable Cast Iron Pipe Fittings from the People's Republic of China: Request by Napac for Flanged Fittings* (P.R. Doc. 13, Attach. 2) (Sept. 19, 2016); *Final Scope Ruling on the Black Cast Iron Flange, Green Ductile Flange, and the Twin Tee* ( P.R. Doc. 13, Attach. 3) (Sept. 19, 2008).

conclusions were not supported by substantial evidence and issued a third order of

remand to Commerce.  45 CIT at __, 537 F. Supp. 3d at 1371–80.

Commerce determined in the Second Remand Redetermination that "the Petition

contains evidence supporting a finding that the petitioners considered flanges to be

'pipe fittings' for purposes of the proposed antidumping duty investigation

culminating in the Order."  *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1370 (citing *Second*

*Remand Redetermination* at 4–24).  *Star Pipe III* explained that "Commerce, under protest,

disclaimed in the Second Remand Redetermination any reliance on the . . . ITC Report,"

*id.*, 45 CIT at __, 537 F. Supp. 3d at 1371 (citing *Second Remand Redetermination* at 9), and

that "[i]n contrast, the Petition contains some evidence, consisting of the product

brochures of [the petitioners], supporting a finding that, as a general matter, flanges

used in piping systems are described by the term 'pipe fitting' or 'fitting.'"  *Id.*, 45 CIT at

__, 537 F. Supp. 3d at 1371.  The court explained that it was "reasonable for Commerce

to accord weight to this evidence" in the Petition "in interpreting the meaning of the

term 'pipe fittings' in the scope language" and that "interpreting this term as used in

the scope language as generally encompassing flanges is not *per se* unreasonable."  *Id.*,

45 CIT at __, 537 F. Supp. 3d at 1372 (footnote omitted).  The court noted, however, that

the scope language makes no mention of flanges and that the list of examples of pipe

fittings in the scope language (i.e., elbows, ells, tees, crosses, and reducers as well as

flanged fittings) expressly mentions fittings, but not flanges.  *Id*., 45 CIT at __, 537 F.

Supp. 3d at 1372.  Additionally, the court explained that the "flanged fittings" included

in the list of exemplars found in the scope language of the Order "differs from the other

exemplars in referring to the method of attachment of a fitting to another good" and

"encompasses products mentioned in the other exemplars."  *Id*., 45 CIT at __, 537 F.

Supp. 3d at 1372 (citation omitted).  The court then instructed Commerce to examine the

other relevant evidence, in addition to the evidence described above, on the record that

was not referenced in the Second Remand Redetermination, including "evidence that

the type of flange at issue in this case, which is a threaded flange produced for

attachment to a threaded pipe produced for the water works industry, is *not* considered

to be a pipe fitting by the AWWA standards that apply to products produced for that

industry."  *Id*., 45 CIT at __, 537 F. Supp. 3d at 1372.

Further, Commerce concluded in the Second Remand Redetermination that the

exclusion in the scope language stating that "'[d]uctile cast iron fittings with mechanical

joint ends (MJ), or push on ends (PO), or flanged ends and produced to the American

Water Works Association (AWWA) specifications AWWA C110 or AWWA C153 are

not included'" did not apply to Star Pipe's flanges.  *Id.* (quoting *Order*, 68 Fed. Reg. at

16,765).  The court found that certain of the findings on which Commerce relied to make

this determination were not supported by substantial evidence on the record.  *Id.*

Third, Commerce concluded in the Second Remand Redetermination that "the ITC Report does not contain contrary evidence sufficient to alter the Department's conclusion." *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1370.  In *Star Pipe I*, the court identified language in the ITC Report demonstrating that the ITC considered all flanged fittings made of ductile cast iron to be excluded from the scope of the ITC's investigation, which suggested that the ITC would not have considered ductile iron flanges to be within that scope.  *Star Pipe III*, 45 CIT at __, 537 F. Supp. 3d at 1374 (citing *Star Pipe I*, 43 CIT at __, 365 F. Supp. 3d at 1285).  Ultimately, in *Star Pipe III*, the court found the Department's conclusion in the Second Remand Redetermination to be "speculative and unsupported by the ITC Report."  *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1375.  The court explained that Commerce "did not confront the implications of the evidence in the ITC Report that the ITC considered all ductile flanged fittings to be outside the scope of its own investigation and its domestic like product."  *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1380.

Finally, Commerce determined that "the claimed conformance of Star Pipe's flanges with AWWA specification C115 does not place Star Pipe's flanges outside of the Order."  *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1370 (citing *Second Remand Redetermination* at 4–24).  The court found that "Commerce reached certain findings pertaining to AWWA C110 and C115 that are not supported by substantial evidence on the record of

this proceeding." *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1376.  Specifically, the court stated

as follows:

> Commerce failed to address or resolve the problem for its analysis that is
> posed by: (1) record evidence demonstrating that threaded flanges
> produced to AWWA standards applicable to goods produced for the
> waterworks industry are not "pipe fittings" or "fittings" within the
> meaning of those standards, and (2) evidence that flanges produced to
> AWWA standard C115 "shall conform to the respective chemical and
> physical properties for gray-iron and ductile-iron fittings, according to
> ANSI/AWWA C110/A21.10."

*Id.*, 45 CIT at __, 537 F. Supp. 3d at 1380 (quoting *Scope Ruling Request* Ex. 3 at Sec. 4.3.3).

At its conclusion, *Star Pipe III* explained that "[t]he court does not reach its own

conclusion as to whether some or all of Star Pipe's flanges must be determined to be

within or outside the scope of the Order, as that is a matter for Commerce to Determine

upon remand." *Id.*, 45 CIT at __, 537 F. Supp. 3d at 1380.  Instead, the court ruled that

"Commerce must conduct a more comprehensive review of the relevant record

evidence that remedies the shortcomings the court has identified." *Id.*

### E.  The Third Remand Redetermination

The Third Remand Redetermination is not a decision in a form the court could

sustain.  The concluding paragraph of the Third Remand Redetermination states as

follows:

> Based on the above analysis, Commerce continues to find Star
> Pipe's ductile iron flanges to be outside the scope of the AD order on pipe

fittings from China.  Should the Court sustain these Final Results of
Redetermination, we will issue a revised scope ruling accordingly.

*Third Remand Redetermination* at 19.  The Department's proposed resolution seeks court

approval for a decision that, unlike the agency determination contested in this litigation,

is not a scope determination but instead is preliminary to such a decision.  Because it is

not the actual scope determination Commerce plans to issue, it could not be put into

effect should it be sustained, and the agency decision that would follow if it were

sustained would escape direct judicial review.  The court concludes that the Third

Remand Redetermination is unsatisfactory.

The court must rule on an agency decision, including one submitted in response

to court order, by considering the decision according to the reasoning the agency puts

forth.  *See Michigan v. EPA*, 576 U.S. 743, 758 (2015) (It is a "foundational principle of

administrative law" that judicial review of agency action is limited to "the grounds that

the agency invoked when it took the action." (citing  *SEC v. Chenery Corp.*, 318 U.S. 80,

87 (1943))).  Not only would the resolution of this litigation that the Department has

offered deny the court the opportunity to review the agency's actual decision on

remand, it also would provide no opportunity for the parties to comment on that

decision before the court reviews it.  For these reasons, the Department's proposed

resolution of this litigation does not allow the court to perform its essential judicial

review function, and the court, therefore, rejects it.  The court is directing Commerce to

issue a third remand redetermination that, like the original agency determination

contested in this litigation, is a scope ruling or determination for the court's review that

would go into effect if, following judicial review, it is sustained.

      The failure to provide for adequate judicial review is not the only flaw in the

Third Remand Redetermination.  Commerce devoted most of the substantive discussion

of the Third Remand Redetermination to its disagreements with certain of the issues the

court decided previously.  Then, in conclusion, Commerce stated that:

> As described above, we find that Star Pipe's flanges are pipe
> fittings that have the same physical characteristics as pipe fittings subject
> to the scope of the *Order*.  Further, we have accepted, under respectful
> protest, the Court's findings regarding end use criteria for pipe fittings in
> the Petition and waterworks end use criteria in the ITC Report, as well as
> the Court's expansion of the AWWA C110 standard to also include
> products made to the AWWA C115 standard.  Based on the above
> analysis, we conclude that the 11 ductile iron flanges subject to Star Pipe's
> scope request are outside the scope of the *Order*.

*Third Remand Redetermination* at 9.  The Third Remand Redetermination concludes that

the court reached certain "findings," expanded the AWWA C110 standard, and ordered

Commerce to exclude Star Pipe's flanges from the Order.  As amply demonstrated by

the court's Opinion and Order in *Star Pipe III* and the summary of that decision

presented above, all three of these conclusions by Commerce are incorrect.  Instead,

pursuant to the standard of review, the court held that certain of the Department's

findings were not supported by substantial evidence on the record and that Commerce

failed to address certain record evidence detracting from its determinations.  The court

directed Commerce to reach its own ultimate determination based on "a more

comprehensive review of the relevant record evidence."  *Star Pipe III*, 45 CIT at __,

537 F. Supp. 3d at 1380.

## III. CONCLUSION

The Third Remand Redetermination is unsatisfactory because it is not in a form

in which the court could sustain it and because it is based on invalid reasoning that

misconstrues the court's opinion and order in *Star Pipe III*.  Commerce must issue a new

determination that decides the issue of whether or not Star Pipe's flanges are within the

scope of the Order based on findings that are supported by the evidence on the record

considered as a whole, including evidence detracting from its findings.  Consistent with

this Opinion and Order, the new determination must be in a form that would go into

effect if sustained upon judicial review and be based on reasoning that does not

misconstrue a previous decision of the court.

Upon consideration of the Third Remand Redetermination and all papers and

proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that the Third Remand Redetermination, Final Results of
Redetermination Pursuant to Court Order (Dec. 22, 2021), ECF No. 96-1, is remanded to
Commerce; it is further

**ORDERED** that Commerce, within 30 days from the date of issuance of this
Opinion and Order, shall submit a fourth redetermination upon remand ("Fourth

**Court No. 17-00236**                                                    **Page 18**

Remand Redetermination") that complies in all respects with this Opinion and Order; it is further

     **ORDERED** that plaintiff and defendant-intervenor shall have 15 days from the filing of the Fourth Remand Redetermination in which to submit comments to the court; and it is further

     **ORDERED** that should plaintiff or defendant-intervenor submit comments, defendant shall have 10 days from the date of filing of the last comment to submit a response.

                               /s/ Timothy C. Stanceu
                               Timothy C. Stanceu, Judge

Dated:  November 18, 2022
       New York, New York