UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| STAR PIPE PRODUCTS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ASC ENGINEERED SOLUTIONS, LLC, <br><br> Defendant-Intervenor. | Court No. 17-00236 |

**ORDER**

Upon consideration of plaintiff's and defendant-intervenor's comments regarding the fourth remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the fourth remand redetermination is sustained; and it is further

ORDERED that final judgment is entered in favor of the United States.

Dated: _____, 2023         _____
New York, NY                                              SENIOR JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| STAR PIPE PRODUCTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> ASC ENGINEERED SOLUTIONS, LLC, ) <br> ) <br> Defendant-Intervenor. ) <br> ) | Court No. 17-00236 |

**DEFENDANT'S RESPONSE TO COMMENTS ON THE FOURTH REMAND RESULTS**

Defendant, the United States, respectfully submits this response to the comments filed by plaintiff Star Pipe Products (Star Pipe) and by defendant-intervenor ASC Engineered Solutions, LLC (ASC) regarding the final results of the Department of Commerce's (Commerce's) fourth remand redetermination in this matter, *Final Results of Redetermination Pursuant to Court Order*, dated December 16, 2022, ECF No. 102 (Fourth Remand Results). Commerce's Fourth Remand Results were issued following this Court's November 18, 2022 opinion and order in *Star Pipe Products v. United States,* Slip Op. 22-127, ECF No. 101, (Ct. Int'l Trade Nov. 18, 2022) (*Star Pipe IV*). As we explain below, the Court should sustain the Fourth Remand Results and enter final judgment for the Government because Commerce has complied with the Court's remand order and because the Fourth Remand Results are supported by substantial evidence and otherwise lawful.

**BACKGROUND**

I. <u>Commerce's Scope Determination And The Court's Remands</u>

This case concerns a scope determination in which Commerce found that Star Pipe's flanges were "pipe fittings" that meet the physical description of non-malleable cast iron pipe fittings covered by the scope of Commerce's antidumping order on pipe fittings from China. *Final Scope Ruling on the Antidumping Duty Order on Non-Malleable Cast Iron Pipe Fittings from the People's Republic of China: Request by Star Pipe Products* (Dep't of Commerce Aug. 17, 2017) (P.R. 13). Star Pipe challenged this determination, and this Court has remanded the decision to Commerce three times to address the Court's concerns about the scope determination.

In its first remand, the Court held that Commerce had failed to comply with 19 C.F.R. § 351.225(k)(1) because it "reached a decision to place Star Pipe's flanges in the scope of the order without considering the antidumping duty petition." *Star Pipe Prods. v. United States,* 365 F. Supp. 3d 1277, 1282, 1286 (Ct. Int'l Trade 2019) (*Star Pipe I*). The Court thus ordered Commerce, on remand, to place the petition on the record. *Id.* Additionally, the Court held that Commerce had failed to address record evidence in the report from the U.S. International Trade Commission (ITC), which the Court found detracted from Commerce's conclusion that Star Pipe's merchandise fell within the scope of the order. *Id.* at 1283-87.

In its First Remand Results, Commerce concluded that Star Pipe's flanges are pipe fittings that have the same physical characteristics described in the order's scope. *Final Results of Redetermination Pursuant to Court Order* at 16-19 (June 27, 2019) (ECF Nos. 55-1, 56-1) (First Remand Results). Commerce also examined the petition and the ITC report, including the evidence that the Court in *Star Pipe I* had identified as undermining Commerce's determination,

but concluded that this information did not support a conclusion that the flanges are excluded from the order's scope language.

The Court disagreed with Commerce's decision and remanded the scope determination for reconsideration. *Star Pipe Prods. v. United States,* 463 F. Supp. 3d 1366 (Ct. Int'l Trade 2020) (*Star Pipe II*). Although the Court agreed that the petition contained evidence indicating that the petitioners in the investigation considered flanges to be pipe fittings, *id.* at 1372-73, it held that Commerce nonetheless must "recognize that the ITC Report does not contain evidence supporting a conclusion that Star Pipe's flanges are within the scope of the Order and contains some evidence that detracts from such a conclusion." *Id.* at 1379. The Court likewise held that the same flawed analysis of the ITC report had affected Commerce's analysis of its prior scope rulings (specifically, one that the Court found to be most on point because it covers a similar product). *Id.* at 1376-77. The Court also provided Commerce with the opportunity to address on remand an issue that Star Pipe raised in a notice of supplemental authority stemming from Commerce's scope ruling regarding orders on forged steel fittings. *Id*. at 1379.

In its Second Remand Results, Commerce continued to find that Star Pipe's flanges are pipe fittings that meet the physical characteristics required by the scope and do not meet any of the scope's exclusion language. *Final Results of Redetermination Pursuant to Court Order* at 4-9 (Nov. 16, 2020) (ECF No. 77-1) (Second Remand Results). Commerce, under respectful protest, accepted the Court's finding that the ITC report did not support the finding that flanges were pipe fittings within the scope of the order. *Id.* at 9. However, while not relying on the ITC report to find that Star Pipe's flanges were pipe fittings within the scope of the order, Commerce addressed Star Pipe's comments on the ITC language detracting from a finding that flanges are within the scope as well as additional language from the ITC report. *Id.* at 9-18. Further, in

3

accordance with the Court's holdings, and under respectful protest, Commerce no longer relied on the prior scope determinations that it had previously cited in support of its determination that Star Pipe's flanges fall within the scope of the order. *Id.* at 19.  Finally, Commerce addressed the issue raised in Star Pipe's notice of supplemental authority and explained why its finding that Star Pipe's flanges fall within the order's scope was not inconsistent with the forged steel fitting ruling (called the *Propulse* ruling). *Id.* at 20-24.

      Remanding for a third time, the Court held that Commerce reasonably accorded weight to record evidence consisting of product brochures from the petition indicating that the petitioners considered flanges to be pipe fittings, as a type of product that is similar to and is produced by the same industry as other subject pipe fittings, and that interpreting the term pipe fitting "used in the scope language as generally encompassing flanges is not *per se* unreasonable." *Star Pipe Prods. v. United States*, 537 F. Supp. 3d 1362, 1371-72 (Ct. Int'l Trade 2021) (*Star Pipe III*). Nonetheless, the Court held that this evidence was "not dispositive" of the issue in litigation and that Commerce, in the Court's view, had failed to address certain evidence detracting from its ultimate conclusion, stemming from the ITC report and from issues relating to the exclusions for flanged fittings produced to American Water Works Association (AWWA) standards contained in the scope language. *Id.* at 1374, 1380.[1]  The Court additionally stated that it did not reach its own conclusion as to whether Star Pipe's flanges are covered by the order, as that was a matter for Commerce to determine on remand. *See id.* at 1380.

      In its Third Remand Results, Commerce continued to find that Star Pipe's flanges are pipe fittings with the same physical characteristics as those described in the scope, while

---

[1] The Court also noted petition language that it found suggested that goods produced to standards for the waterworks industry were intended to be outside the investigation's scope. *Id.* at 1374.

4

respectfully disagreeing with the Court's holdings regarding the ITC report, the scope's AWWA exclusions for flanged fittings, and the petition language that the Court found suggested that goods produced to waterworks industry standards were outside the investigation's scope. *Final Results of Redetermination Pursuant to Court Order* at 2-10 (Dec. 22, 2021) (ECF No. 96) (Third Remand Results). Despite its disagreement, Commerce indicated that it was bound by the Court's holdings and, under respectful protest, determined that the Star Pipe flanges at issue are excluded from the order. *Id.* ASC and Star Pipe challenged certain aspects of that determination.

II.     **Fourth Remand**

In *Star Pipe IV*, the Court ruled that the Third Remand Results had misconstrued aspects of the Court's opinion in *Star Pipe III* and was not in the form of a new scope ruling that the Court could sustain upon judicial review. *Star Pipe IV*, Slip Op. 22-127, at 3, 14-18. Specifically, the Court stated that, in the Third Remand Results, Commerce had informed the Court that Commerce would only issue a final scope ruling after the Court sustained the second remand. *Id.* at 3. The Court found that this would amount to Commerce issuing its final ruling outside of the Court's direct review. *Id.* The Court thus directed Commerce to submit a revised remand determination in a form and manner that could be sustained by the Court and that is based on Commerce's own findings determining whether Star Pipe's flanges are within the scope of the Order. *Id.* at 3, 17-18.

In the Fourth Remand Results, Commerce continued to find, under respectful protest, that Star Pipe's flanges fall outside the scope of the order. Commerce revised its analysis regarding *Star Pipe III* to be consistent with the Court's order in *Star Pipe IV*. Fourth Remand Results at 2, 3-10. Further, consistent with *Star Pipe IV*, Commerce revised the results of its redetermination

5

in a manner that clarified Commerce's intentions with respect to the nature of the remand results. *Id.* at 3, 12.  Specifically, Commerce clarified that it does not intend to issue a scope ruling or other agency determination subsequent to the Court's review of this remand redetermination. Commerce explained that the Fourth Remand Results serves as the agency determination and is subject to the Court's review.  *Id.*  Thus, if the Court sustains the Fourth Remand Results, a Federal Register notice will be published stating that, consistent with the Court's holdings, Star Pipe's flanges at issue are outside the scope of the order.  *Id.*  Further, relevant instructions to U.S. Customs and Border Protection (CBP) giving effect to the determination, as sustained by the Court, will also be issued at that time as appropriate.  *Id.*

ASC and Star Pipe reprise their challenges to certain aspects of the remand results.  ASC Cmts., ECF No. 106; Star Pipe Cmts., ECF No. 107.

## STANDARD OF REVIEW

The Court sustains any determination, finding, or conclusion found by Commerce unless it is unsupported by substantial evidence upon the record, or otherwise not in accordance with law.  19 U.S.C. § 1516a(b)(1)(B).  This standard applies equally to remand redeterminations. *DynaEnergetics U.S., Inc. v. United States*, 298 F. Supp. 3d 1363, 1367 (Ct. Int'l Trade 2018). Remand redeterminations are also reviewed for compliance with the Court's order.  *Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014).

## ARGUMENT

Commerce's Fourth Remand Results, in which it found under respectful protest that Star Pipe's flanges fall outside of the order's scope, complies with the Court's decision in *Star Pipe IV* and should be sustained.  *See*  Fourth Remand Results at 2, 3-10.  Commerce reviewed the evidence on the record, in conjunction with the Court's decisions, and found that the record lacks

the necessary evidentiary support in the scope language, the petition, the ITC's determination in its investigation, and prior scope determinations to support a finding that Crane's flanges are within the scope of the order.  *See id.* at 10-11; *see also id.* at 12 ("because we have found no further evidence on the record that may support a finding that flanges are within the scope, we have determined, under protest, that Star Pipe's flanges are outside the scope of the *Order*.").  Hence, Commerce found these sources, along with other information from the investigation, Star Pipe's scope request, and the Court's holdings, dispositive as to whether Crane's ductile iron flanges are subject to the order.  *See id.* at 11.

Commerce also explained, contrary to ASC's claims that Commerce has ignored the plain meaning of the scope, that it had initially found that the language of the scope covers Star Pipe's flanges and that this point was addressed in the original scope ruling and prior remands (with the Court remanding Commerce's determination).  *See* Fourth Remand Results at 4, 14-15.  Ultimately, "in *Star Pipe III* the Court explained that the scope language did not clearly define 'pipe fittings' as they relate to flanges, and thus Commerce's decision must be reviewed in light of the sources identified in 19 CFR § 351.225(k)(1)."  *Id.* at 5-6.  Thus, in accordance with the Court's decision, Commerce further examined the section 351.225(k)(1) sources, taking the Court's decisions into account, in making its redetermination.  *See id.* at 6; *see also id.* at 6-10.

Although ASC has more generally incorporated its prior arguments that Commerce should have reasserted its interpretation that the scope language includes Star Pipe's flanges, *see* ASC Cmts. 1-2, the Court has held that Commerce's prior interpretation was not supported by substantial evidence.  As Commerce further explained, it has not identified any further evidence on the record that may support a finding that flanges are within the scope.  *See* Fourth Remand

7

Results at 12. Thus, having considered all the record evidence, as well as *Star Pipe I* to *IV*, Commerce found, under respectful protest, that Star Pipe's flanges are outside the order's scope.

As it did during the fourth remand proceeding, Star Pipe, in its comments to the Court, generally supports the Fourth Remand Results with one exception. *See* Star Pipe Cmts. 1-3. In particular, Star Pipe objects to Commerce's issuance of the Fourth Remand Results "under protest." *Id*. at 2-3. Commerce explained, however, that it is a well-settled legal principle under the jurisprudence of the Court of Appeals for the Federal Circuit that Commerce is entitled to issue a remand "under protest." Fourth Remand Results at 23 (citing *Meridian Prods., LLC v. United States*, 890 F.3d 1272, 1276-77 (Fed. Cir. 2018); *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003)). As a result, Star Pipe's argument to the contrary has no legal merit. Moreover, addressing Star Pipe's related contention, Commerce explained that it has followed the Court's instructions by conducting a "more comprehensive review of the relevant record evidence" in view of *Star Pipe I*, *Star Pipe II*, *Star Pipe III*, and *Star Pipe IV*, as demonstrated by the final results of Commerce's fourth redetermination. *Id.* (citing *Star Pipe IV*, Slip Op. 22-127, at 16-17); *see also* Fourth Remand Results at 3-12.

Finally, as Star Pipe acknowledges without challenge, Commerce explained that it does not intend to issue a scope ruling or other agency determination subsequent to the Court's review of this remand redetermination. *See* Fourth Remand Results at 3, 12. Rather, the scope decision that Commerce would implement if the Court sustains the remand results is the Fourth Remand Results (as sustained by the Court). *Id.*; *see also* Star Pipe Cmts. 1-2.

Because Commerce has complied, under respectful protest, with the Court's holdings in *Star Pipe IV*, and ASC's and Star Pipe's arguments to the contrary are meritless, the Court should affirm Commerce's Fourth Remand Results.

**CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's Fourth Remand Results and enter final judgment in favor of the United States.

        Respectfully submitted,

        BRYAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. MCCARTHY
        Director

        /s/ L. Misha Preheim
        L. MISHA PREHEIM
        Assistant Director

OF COUNSEL:         /s/ Joshua E. Kurland
DAVID W. RICHARDSON         JOSHUA E. KURLAND
Senior Counsel         Senior Trial Counsel
Department of Commerce         U.S. Department of Justice
Office of the Chief Counsel         Civil Division
for Trade Enforcement & Compliance         Commercial Litigation Branch
Washington, DC         P.O. Box 480, Ben Franklin Station
        Washington, D.C. 20044
        Tel: (202) 616-0477
        Email: Joshua.E.Kurland@usdoj.gov

January 23, 2023         *Attorneys for Defendant United States*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief complies with the appropriate word-count limitation.  According to the word-count function of the software used to prepare this brief, the brief contains 2,413 words.

/s/ Joshua E. Kurland